EDWIN P. BLACKMAR *vs.* SILAS W. NICKERSON.

Norfolk.   January 9, 1905. — June 21, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Officer.   Search Warrant.*

If a police officer, having a search warrant for intoxicating liquors in a certain house, goes there in the absence of the owner and takes away a safe, and if afterwards, on the refusal of the owner to open the safe, the officer causes it to be opened by an expert who breaks the lock, using no more force than is necessary, and if the officer finding in the safe none of the liquor described in the warrant returns it to the owner, the officer is liable to the owner in an action of tort for removing the safe and breaking it open without the owner's consent.

MORTON, J.   This is an action of tort for entering the plaintiff's premises and taking and carrying away an iron safe and breaking it open and rendering it worthless. The defendant was a police officer and sought to justify under a warrant to search the plaintiff's premises for intoxicating liquor. There was a verdict for the plaintiff, and the case is here on exceptions by the defendant to the refusal of the judge of the Superior Court to give certain rulings that were asked for.

The warrant gave the defendant the right to enter the plaintiff's premises and search them and remove any of the liquors described in it and found there, with the casks and other vessels in which it was contained, and all implements of sale and furniture used or kept and provided to be used in the illegal keeping or sale of such liquor, and carry them to a place of safety and keep them until final action was had thereon. R. L. c. 100, § 75. Acting under his warrant the defendant entered the premises and proceeded to search for the liquor described in it. He found the safe, but neither he nor the plaintiff's wife, the plaintiff being absent, could open it. Thereupon, according to his testimony, he told her that he should have to break it open, and she requested him not to do so, but to remove it to some safe place until her husband's return, when he would open it for him. This alleged conversation was denied by the wife. The defendant did not then break the safe open but removed it to his own dwelling house. On the return home of the plaintiff the defendant went to him and requested him to open the safe, which the plaintiff refused to do until he could see his counsel. Upon the plaintiff's refusal to open the safe the defendant procured an expert to open it. The expert broke the lock, and the defendant, after examining the safe sufficiently to ascertain that it did not contain any of the liquor described in the warrant, returned it and its contents to the premises from which it had been removed. It was taken away in the evening of November 27 and returned in the evening of November 29, the 28th being Thanksgiving Day. It was not claimed that any unreasonable force was used in opening the safe, or that the defendant kept it longer than was reasonably necessary to obtain an expert to open it.

The question is whether under the circumstances the defendant had a right to remove and break open the safe. We do not think that he had. He had the right to seize and carry away any of the liquors described in his warrant and the casks and vessels in which they were contained. Whether, if the safe had been used by the plaintiff as a place to store and keep liquors in for sale in violation of law and he had refused to open it, the defendant would have had a right to carry it away and break it open, and whether it could have been confiscated by the court

under the statute, we need not consider. It was not so used and there is nothing to show that the defendant had any evidence tending to show that it was so used. In the discharge of his duty, under the warrant, to search the premises the defendant could have left the safe in the charge of a keeper for a reasonable time to await the plaintiff's return and then upon the plaintiff's refusal to open it have caused it to be opened. Perhaps, if the plaintiff had objected to the presence of a keeper, the defendant could have removed the safe and then have opened it. But nothing of the sort occurred, and the removal was, we think, clearly unjustifiable. Whether, if the safe had been removed by the defendant in the plaintiff's absence with the consent of his duly authorized agent to await the plaintiff's return, the defendant on the plaintiff's refusal to open it then could have broken it open, we need not consider. No such question appears by the bill of exceptions to have been raised at the trial by any of the instructions that were requested and refused. If in fact raised, and the question was left to the jury, then the verdict of the jury must be taken to have settled the question of such consent adversely to the defendant. The cases of *Jones* v. *Root*, 6 Gray, 435, and *Androscoggin Railroad* v. *Richards*, 41 Maine, 233, relied on by the defendant, are plainly distinguishable.

*Exceptions overruled.*

*G. W. Wiggin & O. T. Doe,* for the defendant.
*H. E. Ruggles, (J. B. Crawford* with him,) for the plaintiff.